1
2
3
4
5
6
7

8      **UNITED STATES DISTRICT COURT**

9      **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  MAGDALINA KALINCHEVA, | ) Case No.: 1:14-cv-01261 - --- - JLT |
| 12         Plaintiff, | ) |
| | ) ORDER DIRECTING THE CLERK OF COURT TO |
| | ) ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| 13     v. | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| 14  JESSE NEUBARTH, | ) DENYING PLAINTIFF'S MOTION TO PROCEED |
| | ) IN FORMA PAUPERIS AND DISMISSING THE |
| 15         Defendant. | ) COMPLAINT WITHOUT LEAVE TO AMEND |
| 16 _____ | ) |

17          Magdalina Kalincheva ("Plaintiff") seeks to proceed *pro se* and *in forma pauperis* with an

18   action against Jesse Neubarth ("Defendant").  Plaintiff initiated this action by filing complaint a motion

19   to proceed *in forma pauperis*.  (Docs. 13, 21.)  Because Plaintiff is unable to state claim upon which

20   relief may be granted, it is recommended that Plaintiff's motion to proceed in forma pauperis be

21   **DENIED** and the complaint be **DISMISSED** with leave to amend.

22   **I.      Motion to Proceed In Forma Pauperis**

23          As a general rule, all parties instituting any civil action, suit or proceeding in a United States

24   District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

25   commencement of an action "without prepayment of fees and costs of security therefor, by a person

26   who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."   28

27   U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if

28   leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d

1   1178, 1177 (9th Cir. 1999).

2        The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of

3   privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to

4   due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314

5   F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to

6   proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*.  In

7   making a determination, the court "must be careful to avoid construing the statute so narrowly that a

8   litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or

9   foregoing life's plain necessities."  *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

10       Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed

11  below, the complaint fails to state a meritorious claim upon which relief may be granted.[1]  *See* 28

12  U.S.C.§ 1915(e)(2).

13  **II.     Screening Requirement**

14       When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and

15  shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the

16

17  _____

18      [1] Plaintiff has filed numerous lawsuits in this district, and others throughout the country, against Jessie Neubarth,
    each of which have been dismissed for failure to state a cognizable claim upon which relief may be granted and/or lack of
    jurisdiction. *See, e.g., Kalincheva v. Neubarth*, Case No. 2:13-cv-1601-TLN-DAD, 2013 WL 5493407 (E.D. Cal. Oct. 2,

19  2013) (finding Plaintiff raised essentially the same allegations against Neubarth in a prior action that was dismissed with
    prejudice, and the doctrine of res judicata barred her claims); *Kalincheva v. Neubarth*, Case No. 2:12-cv-2231-JAM-DAD,

20  2012 WL 5328616 (E.D. Cal. Oct. 26, 2012) (denying Plaintiff's motion to proceed in forma pauperis upon finding she
    failed to state a claim upon which relief may be granted by the Court); *Kalincheva v. Neubarth*, 2014 WL 1240040 (N.Dak.

21  Dist. Mar. 25, 2014) (denying Plaintiff's motion to proceed in forma pauperis and dismissing the complaint without leave
    to amend); *Kalincheva v. Neubarth*, 2014 WL 359381 (D. Minn. Feb. 3, 2014) (finding "Plaintiff's complaint does not set

22  forth a coherent set of factual allegations that could support a cause of action" and the court lacked jurisdiction over the
    complaint); *Kalincheva v. Neubarth*, 2013 WL 2445360  (S.D. Cal. June 4, 2013) (dismissing the complaint without leave

23  to amend and denying Plaintiff's motion to proceed in forma pauperis because Plaintiff did not show she was "entitled to
    relief in federal court under any decipherable or cognizable legal theory); *Kalincheva v. Neubarth*, 2013 WL 6170879

24  (N.D. Ind. Nov. 21, 2013) (denying Plaintiff's motion to proceed in forma pauperis upon finding the court lacked
    jurisdiction and "the complaint [was] frivolous and fail[ed] to state claim upon which relief can be granted").  Notably,

25  Plaintiff has been warned by another district court that she would be subject to monetary sanctions for any additional
    frivolous filings.  *Kalincheva v. Neubarth*, 2013 WL 5524815 (D.Mass. Oct. 2, 2013) (finding it was "crystal clear that the

26  plaintiff cannot prevail and that amending the complaint would be futile," and warning Plaintiff that she would be subject
    to monetary sanctions if she submitted any additional frivolous or unreasonable pleadings).

27      **Therefore, Plaintiff is warned that the filing of another action lacking merit may result in the Court
    ordering Plaintiff to show cause why she should not be declared a vexatious litigant and pre-filing restrictions be**

28  **imposed**.  *See De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990).

1  action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . .

2  seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A

3  claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible,

4  whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*,

5  504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

7       General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A

8  pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short

9  and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the

10  relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

11  8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less

12  stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

13       A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

14  succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a

15  plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534

16  U.S. 506, 512 (2002).  The Supreme Court noted,

17       Rule 8 does not require detailed factual allegations, but it demands more than an
18       unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers
     labels and conclusions or a formulaic recitation of the elements of a cause of action will
     not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further
19       factual enhancement.

20  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

21  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d

22  266, 268 (9th Cir. 1982).  The Court clarified further,

23       [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim
     to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the
24       plaintiff pleads factual content that allows the court to draw the reasonable inference
     that the defendant is liable for the misconduct alleged. [Citation]. The plausibility
25       standard is not akin to a "probability requirement," but it asks for more than a sheer
     possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads
26       facts that are "merely consistent with" a defendant's liability, it "stops short of the line
     between possibility and plausibility of 'entitlement to relief.'

27

28  *Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should

3

1  assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

2  conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

3       The Court has a duty to dismiss a case at any time it determines an action fails to state a claim,

4  "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court

5  "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a

6  claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal*

7  *Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted

8  to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d

9  1122, 1127-28 (9th Cir. 2000) (en banc).

10  **IV.      Discussion and Analysis[2]**

11       Plaintiff alleges she is an immigrant from Bulgaria, where she was married to Defendant.

12  Plaintiff alleges Defendant is liable for a breach of contract, based upon an Affidavit of Support filed

13  with the American Embassy in 1991. (Doc. 13 at 1-2.) In addition, Plaintiff appears to be dissatisfied

14  with the terms of their divorce. Plaintiff asserts Defendant failed to provide for her basic needs and

15  stole "everything from her." (*Id.* at 5.) For example, Plaintiff alleges Defendant has "deliberately

16  stolen her last Six years fertility Time and Health," as well as her work history book and medical

17  diploma. (*Id.* at 8, 29.)

18       **A.      The Court lacks subject matter jurisdiction.**

19       The district court is a court of limited jurisdiction, and is empowered only to hear disputes

20  "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

21  377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Pursuant to 28

22  U.S.C. § 1331, the district court has jurisdiction over civil actions arising under federal laws. The Ninth

23  Circuit explained that an action "arises under" federal law "where federal law creates the cause of

24  action or where the vindication of a right under state law necessarily turn[s] on some construction of

25  federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citation,

26

27

28       [2] Plaintiff initiated this action by filing a complaint in the Northern District of California. (Doc. 13.) Since that time, Plaintiff filed and lodged amended complaints without the permission of the Court, but the allegations appear substantively the same. For purposes of this screening Order, the Court refers only to Plaintiff's initial complaint.

4

1    internal quotation marks omitted). The presence of subject matter jurisdiction is governed by the "well-

2    pleaded complaint rule," under which the Court has jurisdiction "only when a federal question is

3    presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482

4    U.S. 386, 392 (1987).  Although Plaintiff cites several federal statutes, her sole claim is for a breach of

5    contract, which arises under state law.  Further, the Court declines "to hear disputes which would

6    deeply involve . . . adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th

7    Cir. 1986.)

8              **B.        Relief may not be granted under the *Rooker-Feldman* doctrine.**

9              Plaintiff appears to complain of the terms of her divorce agreement, but the Court may not grant

10   relief from its terms.  Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in

11   federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

12   *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

13             Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-
               matter jurisdiction over a proceeding in which a party losing in state court seeks what in
14             substance would be appellate review of the state judgment in a United States district
               court, based on the losing party's claim that the state judgment itself violates the losers'
15             federal rights.

16   *Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic*

17   *Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from

18   appellate review of "cases brought by state-court losers complaining of injuries caused by state-court

19   judgments rendered before the district court proceeding commenced . . .").  Accordingly, the district

20   court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such

21   that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334

22   F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

23             Significantly, "[a] number of courts have held that the *Rooker-Feldman* doctrine . . .  bars

24   federal court review of final state divorce decrees."  *See In re Schwartz,* 409 B.R. 240, 248 (1st Cir.

25   BAP 2008) (citing *Davis v. United States*, 499 F.3d 590, 595 (6th Cir. 2007)); *see also Ignacio v.*

26   *Judges of U.S. Court of Appeals,* 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's

27   dismissal of the case "because the complaint is nothing more than another attack on the California

28   superior court's determination in [the plaintiff's] domestic case").  Accordingly, the Court is unable to

5

1    grant Plaintiff relief from the divorce decree under the *Rooker-Feldman* doctrine.

2          **C.     The doctrine of res judicata bars Plaintiff from litigating her claim.**

3          Under the doctrine of res judicata, "a final judgment on the merits bars further claims by

4    parties or their privies based on the same cause of action."  *Montana v. United States*, 440 U.S. 147,

5    153 (1979).  Thus, a claimant may not seek to re-litigate claims decided previously on their merits.

6    *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).  In addition, res judicata

7    "precludes the litigation of 'any claims that were raised or could have been raised' in a previous

8    lawsuit."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).   The doctrine

9    is applicable "whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3)

10   privity between parties."  *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 n.3

11   (9th Cir. 2002) (citation omitted).  Notably, "[i]f a court is on notice that it has previously decided the

12   issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been

13   raised." *Arizona v. California*, 530 U.S. 392, 416 (2000).  Here, because the Court has evaluated

14   Plaintiff's claims against Defendant in *Kalincheva v. Neubarth*, Case No. 2:13-cv-01601-TLN-DAD

15   and Case No. 2:12-cv-2231-JAM-DAD, it is necessary to determine whether the doctrine of res

16   judicata bars Plaintiff from proceeding in this action for a breach of contract.

17         Significantly, Plaintiff raises the factual allegations and the same causes of action as those

18   previously adjudicated.[3]  Previously, the Court observed:  "[I]t appears that the thrust of plaintiff's

19   complaint is her allegation that defendant Neubarth signed an immigration form imposing on the

20   defendant certain financial obligations and guaranteeing that he would provide plaintiff with a certain

21   level of financial support."  (Case No. 2:13-cv-01601-TLN-DAD, Doc.16 at 3.)  However, the Court

22   reviewed the form and found it did "not create legally enforceable contractual obligations."  (*Id.*)

23   (citing, *e.g., Cobb v. Cobb*, 2012 WL 2620524 at *3 (E.D. Cal. July 5, 2012)); *see also Cheshire v.*

24

_____

25         [3] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources
     whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333
26   (9th Cir. 1993).  The Court's docket is a source whose accuracy cannot reasonably be questioned, and judicial notice may
     be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise
27   Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins.
     Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir.
28   1980).  Therefore, judicial notice is taken of the complaints and orders filed in *Kalincheva v. Neubarth,* Case Nos. 2:13-
     cv-01061-TLN-DAD and 2:12-cv-2231-JAM-DAD.

1    *Cheshire*, 2006 WL 1208010 at *2 (M.D. Fla. May 4, 2006) (federal courts have "consistently"

2    determined an Affidavit of Support "is not a legally enforceable contract against a sponsor by a

3    sponsored immigrant").  In Case No. 2:12-cv-2231-JAM-DAD, the Court dismissed Plaintiff's

4    complaint without leave to amend for failure to state a claim.  Because, the Court "analyze[d] the facts

5    and legal claims in the complaint to determine if the plaintiff has alleged a cause of action," the

6    "dismissal for failure to state a claim" is considered a judgment on the merits to which the doctrine of

7    res judicata applies.  *Stewart v. United States Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002); *see also*

8    *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981).  Accordingly, the Court finds

9    Plaintiff's claims are barred by the doctrine of res judicata.

10   **V.      Conclusion**

11         A plaintiff should be granted leave to amend when the deficiencies of the complaint can be

12   cured by amendment.  *Lopez*, 203 F.3d at 1130.  In light of the numerous deficiencies identified above,

13   Plaintiff is unable to state a claim upon which relief can be granted.  Accordingly, leave to amend to

14   amend would be futile.  *Id.* (dismissal of a *pro se* complaint for failure to state a claim is proper where

15   it is obvious that the plaintiff cannot prevail on the facts that she has alleged and that an opportunity to

16   amend would be futile); *see also Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

17                                      **ORDER**

18         Good cause appearing, the Clerk of Court is DIRECTED to assign a United States District

19   Judge to this action.

20                        **FINDINGS AND RECOMMENDATIONS**

21         Based upon the foregoing, the Court RECOMMENDS:

22         1.      Plaintiff's motions to proceed in forma pauperis (Docs. 21, 36) be **DENIED**;

23         2.      Plaintiff's Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**;

24         3.      All remaining motions be terminated as moot; and

25         4.      The Clerk of Court be DIRECTED to close the action.

26         These findings and recommendations are submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

28   Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen

days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**October 9, 2014**__            _____**/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE